UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23072-FAM

BRANDON OPALKA
on behalf of himself and all others
similarly situated,

    Plaintiff,
v.

AMALIE AOC, LTD,

    Defendant.
_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, Plaintiff Brandon Opalka and Defendant Amalie AOC Ltd. are parties to the above-captioned litigation;

WHEREAS, Plaintiff and Defendant are presently engaged in the process of discovery in the Litigation;

WHEREAS, discovery is likely to involve the production of certain information and documents that the Plaintiff or Defendant believe to be confidential due to content that may be sensitive, personal, commercial, proprietary, financial, or business-related information, the public disclosure of which could be harmful to them:

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, and the Court approves, that the following Stipulated Confidentiality and Protective Order (the "Order") shall govern the handling of documents, depositions, deposition exhibits, admissions, and any other information or material produced, given, or exchanged in connection with discovery in this action.

I. **CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION AND ITS USE**

1. *"Confidential Information."* "Confidential Information" includes any document, testimony, response to discovery request, transcription of a deposition, or other information, that is designated as "Confidential" by either Plaintiff or any Defendant (collectively the "Parties" and individually a "Party") pursuant to this Order. A Party may designate as "Confidential" any nonpublic information produced in this litigation which constitutes or contains proprietary or commercially sensitive business or financial information, trade secrets, personal information, or information that otherwise meets the standards for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure (the "Rules"). This Order is applicable to the Parties and, as defined hereafter: other law firm attorneys, law firm personnel, outside consultants/experts, service bureaus, and other qualified persons.

2. *"Highly Confidential Information - Attorneys' Eyes Only."* "Highly Confidential – Attorneys' Eyes Only Information" includes any document, testimony, response to discovery request, transcription of a deposition, or other information, that is designated as "Highly Confidential – Attorneys' Eyes Only" by either Plaintiff or any Defendant pursuant to this Order. A Party may designate as "Highly Confidential – Attorneys' Eyes Only" any highly sensitive Confidential Information whose disclosure to another party or non-party would create a substantial risk of injury, including without limitation economic or competitive injury.

3. *Restrictions on Use of Confidential or Highly Confidential - Attorneys' Eyes Only Information.* All Confidential or Highly Confidential Information shall not be disclosed to any person or entity except in accordance with the terms of this Order. All Confidential and Highly Confidential Information shall be used solely for purposes of this litigation and for no other

purpose whatsoever. Notwithstanding the foregoing, a Party is not restricted in the use of its own Confidential or Highly Confidential - Attorneys' Eyes Only Information that it produces.

## II. RESTRICTIONS ON ACCESS TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

4. *Access to information designated "Confidential."* Access to information that is designated "Confidential" shall be limited to: (a) the Parties or employees of each of the Parties required in good faith to provide assistance in the conduct of this action; (b) counsel of record for any Party, other law firm attorneys, and law firm personnel; (c) service bureaus; (d) outside consultants/experts; (e) persons shown on the face of a document to have authored or received it; (f) other qualified persons; and (g) the Court and its employees.

5. *Access to information designated "Highly Confidential - Attorneys' Eyes Only."* Access to information that is designated "Highly Confidential - *Attorneys' Eyes Only*" shall be limited to: (a) counsel of record for any Party, other law firm attorneys, and law firm personnel; (b) service bureaus; (c) outside consultants/experts; (d) persons shown on the face of a document to have authored or received it; (e) other qualified persons; and (f) the Court and its employees.

6. *Definitions.* Certain terms referenced above are defined as follows:

(i) *"Other law firm attorneys"* means attorneys who are members or employees of the law firms of the outside attorneys of record for any party, but who are not themselves counsel of record. This term will also include any in-house counsel for any of the Parties and contract attorneys hired by an outside counsel law firm or a party.

(ii) *"Law firm personnel"* means regular full-time or part-time employees of the law firms of the outside attorneys of record for any Party to whom it is necessary that the Confidential Information in question be disclosed for purposes of this litigation.

(iii) *"Outside consultant/expert"* means any person, not employed by the receiving Party, who is retained by that Party or its attorneys of record in this matter, for the purposes of assisting in preparation of this litigation for trial or for testifying at trial, such as an accountant, statistician, or economist, *provided the person has executed the written assurance attached hereto as **Exhibit A***. The Party engaging such outside consultants/experts shall retain such written agreements until at least sixty (60) days after termination of this litigation, but need not provide said agreements to the opposing Party absent a Court order entered upon a showing of good cause.

(iv) *"Service bureau"* means a company or person that is engaged by counsel of record to perform court reporting or clerical-type services in connection with this litigation, e.g., court reporting, photocopying, imaging, computer data entry, clerical aides, trial preparation firms, and graphics firms; *provided the company or person is bound to protect Confidential and Highly Confidential information either by their services contract with counsel or by execution of the written assurance attached hereto as **Exhibit A***.

(v) *"Other qualified persons"* means any other person: (i) who is a witness shown Confidential or Highly Confidential – Attorneys' Eyes Only Information during or in preparation for his or her deposition in this case, *provided any person granted access to information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" during or in preparation for his or her deposition has executed the written assurance attached hereto as **Exhibit A**,* or (ii) who is so designated (1) by order of the Court after notice, and an opportunity to be heard, to all Parties, or (2) by written agreement of the producing Party. To the extent that other provisions of this Order would not permit a deponent to be shown documents and/or

- 4 –

information designated "Confidential" without signing Exhibit A, the Parties agree to request and urge that the deponent sign Exhibit A.

7. *Confidential or Highly Confidential - Attorneys' Eyes Only Information of non-parties.* In the event that a Party seeks discovery from a non-party to this action, the non-party may designate its responsive information "Confidential" or "Highly Confidential" so that such information is subject to the terms of this Order and that producing non-party shall then be a producing Party under this Order.

8. *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any Party from showing a document designated as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information to an individual currently employed by the documents' producing Party. Nor shall anything in this Order preclude a producing Party from using, in its business as it wishes, any documents it produces itself in this action.

9. *No waiver of rights.* Nothing contained in this Order shall be construed as a waiver by any producing Party of its right to object to the subject matter or scope of any request for production of documents in this matter. This Order shall be without prejudice to the right of a producing Party to request additional confidentiality protection from the Court.

III. **DESIGNATION AND LABELING OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

10. *Labeling.* Information being designated as protected that is in documentary or other tangible form shall be bates labeled or stamped as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the designating Party in a writing provided to the receiving Party at the time of production.

11. *Preliminary designation of documents being inspected.* If a Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Highly Confidential – Attorneys' Eyes Only." Thereafter, on selection of specified documents for copying by the inspecting Party, the producing Party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting Party.

12. *Designation of non-party materials.* For Confidential or Highly Confidential - Attorneys' Eyes Only Information produced by a non-party or a Party other than the designating Party, a Party seeking a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation for that information pursuant to the terms of this Order may do so by serving on all Parties a log containing the Bates numbers or other description of the documents or information that it claims as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" within 30 days of receiving copies of the documents or information. Should any Party object to this designation, such Party shall proceed in accordance with paragraph 13 of this Order.

13. *Requests for declassifying Confidential or Highly Confidential - Attorneys' Eyes Only Information.* At any time that a Party believes that a document or information which has been classified as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" should be declassified from its indicated status, counsel for the Party desiring declassification shall notify the designating Party's counsel in writing of its request for declassification. Such request shall particularly identify the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information that the Party requesting declassification contends is not confidential and the reasons supporting its contentions. If the Parties cannot resolve the issue of declassification within five

(5) business days after such identification, then it shall be the obligation of the Party requesting declassification to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. The burden to demonstrate that the information identified as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is subject to the confidentiality protections contained herein shall be governed by applicable law in this District and Circuit. If such a motion is filed, the disputed information shall still be treated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" until the Court rules on the motion. If no motion is made, the information shall continue to be treated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

14. *Designation of and procedure for any deposition testimony.* The following procedures shall be followed if Confidential or Highly Confidential - Attorneys' Eyes Only Information is discussed or disclosed in any deposition permitted in this proceeding.

(i) The designating Party shall have the right to exclude from attendance at the deposition, during such time the designating Party reasonably believes Confidential or Highly Confidential - Attorneys' Eyes Only Information will be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access to the Confidential or Highly Confidential - Attorneys' Eyes Only Information.

(ii) At any time on the record during a deposition a Party may designate any portion of the deposition and transcript thereof to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If such a request is made on the recording during the deposition, the reporter shall later indicate on the cover page of the transcript that the transcript contains "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and list the pages and line numbers of the transcript in which Confidential or Highly Confidential - Attorneys'

Eyes Only Information is contained. No Party may designate an entire transcript Confidential or Highly Confidential - Attorneys' Eyes Only.

(iii) Alternatively, such a designation of deposition confidentiality may be made in writing within thirty (30) days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential or Highly Confidential - Attorneys' Eyes Only Information. Such designation shall be provided in writing to all counsel of record. All counsel of record shall treat all deposition transcripts as "Highly Confidential - Attorneys' Eyes Only" for the first thirty (30) days after receipt of such deposition transcripts.

## IV. MISCELLANEOUS

15. *Treatment of Confidential or Highly Confidential - Attorneys' Eyes Only Information at trial or in court filings.* In the event that a Party or nonparty bound by this Order intends to display any Confidential or Highly Confidential - Attorneys' Eyes Only Information in open court at any hearing or trial of this action, such Party shall inform the Court, the designating Party and all other Parties to this action of its intention to do so and identify the Confidential or Highly Confidential - Attorneys' Eyes Only Information it intends to disclose. The designating Party shall then have the opportunity to move orally, or as the Court otherwise directs. The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential or Highly Confidential - Attorneys' Eyes Only Information discussed, or to be discussed, at hearings and trial.

(i) *Filing of Confidential or Highly Confidential-Attorneys' Eyes Only Information Under Seal.* A Party seeking to file Confidential or Highly Confidential – Attorneys' Eyes Only Information under seal shall fully comply with the procedures set forth in S.D. Fla.

L.R. 5.4 and Section 5A of the CM/ECF Administrative Procedures. No provisions within this Order are to be construed as to supersede the requirements and procedures in S.D. Fla. L.R. 5.4.

(ii) Should the Court deny the motion to file the information under seal, the Designating Party will have seven (7) business days to move for reconsideration of the Court's order or a protective order from the Court regarding the information prior to the information being publicly re-filed. However, this provision will not prevent the filing party from re-filing the information per the terms of the Court's order (e.g. requiring the party to file the information in less than seven days).

16. *Return and destruction of documents.* Within sixty (60) days of final termination of this matter including any appeals or right to appeal, the attorneys of record for each receiving Party shall either destroy or return to each producing Party or its attorney of record all Confidential or Highly Confidential - Attorneys' Eyes Only Information (and any copies thereof) that have been furnished to it by the producing Party, with the following exceptions. If such Confidential or Highly Confidential - Attorneys' Eyes Only Information received by the receiving Party is destroyed in lieu of being returned to the producing Party, appropriate certification of destruction shall be furnished by the receiving Party. Notwithstanding the foregoing, the Parties agree that each Party shall be entitled to retain for their files a complete set of pleadings (including exhibits) filed in and depositions (with exhibits) taken in the case, and their own work product, irrespective of whether they contain Confidential or Highly Confidential - Attorneys' Eyes Only Information.

17. *Subpoena by other courts, agencies or persons.* If another court, agency, or person subpoenas or orders production of Confidential or Highly Confidential - Attorneys' Eyes Only Information that a Party has obtained under the terms of this Order, such Party shall immediately

notify the designating Party upon learning of such subpoena or order, in writing, and shall not produce the Confidential or Highly Confidential - Attorneys' Eyes Only Information if the designating Party timely applies for a protective order for such Confidential or Highly Confidential - Attorneys' Eyes Only Information or otherwise takes timely, appropriate steps to protect the materials. To give the designating Party an opportunity to obtain relief from the subpoena or order, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or court order. Nothing in this Order requires or is meant to permit a Party to disobey a lawful directive from a court.

18. *Inadvertent production of Confidential or Highly Confidential - Attorneys' Eyes Only Information.* If a party inadvertently fails to designate information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in accordance with this Order prior to or at the time of disclosure, it may notify the Parties that it intends to designate such material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" prior to trial. In the event that the designating Party designates information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after disclosure but before trial, the Parties receiving such material shall ensure that all inadvertently disclosed information is subsequently treated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the terms of this Order.

19. *Inadvertent production of privileged material.* Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), and Federal Rules of Evidence 502(b) and 502(d), if a party inadvertently produces or provides discovery that it believes is subject to a claim of privilege or of protection as trial-preparation material, the inadvertent production is not and will not be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity, or work product protection that the Producing Party would otherwise be entitled to assert with respect to

the inadvertently disclosed information and its subject matter in this action or any other federal or state proceeding. The Producing Party making the claim may notify the Receiving Party or parties in writing of the claim and the basis for it (and should identify the document by Bates number). Within seven (7) business days of receiving such notice, the Receiving Party or parties must return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. Within five (5) business days after giving such notice of inadvertent production, the Producing Party will produce a privilege log specific to such documents to the Receiving Party. The Receiving Party may move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, and if the Receiving Party so moves the Court, the Producing Party shall provide the Court with one copy of the allegedly privileged material for in-camera review in connection with such motion.

20. *Summaries, compilations, notes, copies, electronic images and databases.* Any summary, compilation, notes, copy, electronic image or database containing Confidential or Highly Confidential – Attorneys' Eyes Only Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

21. *Modification.* Any Party may apply for modification of this Order upon reasonable notice to the other Parties and after counsel for the Party desiring modification shall have contacted opposing counsel to attempt to resolve the issue through negotiation.

22. *No admissions or waiver of objections.* Producing or receiving Confidential or Highly Confidential – Attorney' Eyes Only Information, or otherwise complying with the terms

of this Order, shall not: (a) operate as an admission by any Party that any particular Confidential or Highly Confidential – Attorney' Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

23. *No waiver of objections to admissibility.* Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the action.

24. *Enforcement.* A breach of the terms of this Order is subject to the full powers and jurisdiction of the Court, including but not limited to the powers of contempt and injunctive relief, and shall entitle the non-breaching Party to appropriate sanctions, including but not limited to all attorneys' fees and other costs incurred in the enforcement of this Order.

25. *Non-termination.* The provisions of this Order shall not terminate at the conclusion of this action, but shall remain applicable as to any Confidential or Highly Confidential - Attorneys' Eyes Only Information covered by the terms of this Order, except such material which shall be destroyed pursuant to the provisions above.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th of September, 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I have read and I understand the terms of the Protective Order dated _____, filed in *Opalka v. Amalie AOC, Ltd.*, Case No.: 1:18-cv-23072-FAM, pending in the United States District Court for the Southern District of Florida. I agree to comply with and be bound by the provisions of the Confidentiality Order entered on _____, 2018. I understand that any violation of the Confidentiality Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained pursuant to such Confidentiality Order, or the contents of such documents, to any person other than those specifically authorized by the Confidentiality Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Confidentiality Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing or otherwise providing relief relating to the Confidentiality Order.

Executed on:_____    _____

             (Date)                                   (Signature)