UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23072-FAM

BRANDON OPALKA, an individual,
on behalf of himself and all others
similarly situated,

  Plaintiff,

v.

AMALIE AOC, LTD.,
a Florida limited partnership,

  Defendant.
_____/

**DEFENDANT AMALIE AOC, LTD.'s REMOVAL STATUS REPORT**

  Pursuant to the Court's Notice of Court Practice in Removal Cases [Docket Entry 15], Defendant Amalie AOC, LTD. ("Amalie AOC") hereby files its Removal Status Report.

**1. A plain statement of the nature of the claim and any counterclaim, cross-claim, or third-party claim, made in state or federal court including the amount of damages claimed and any other relief sought.**

  Plaintiff alleges that he is an individual consumer who "purchased a bottle of XCEL Premium SAE 10W30" motor oil (the "Product") at a gas station in Miami-Dade County, Florida. Complaint [Docket Entry 1-2] ("Compl.") ¶ 7. According to the Complaint, Amalie AOC "manufactures, markets, advertises, and/or sells" the Product, the Product is "obsolete," and it is "harmful and ineffective as a motor oil for automotive engines manufactured after 1930." Compl. ¶ 2. Plaintiff contends that the label on the motor oil container led him to believe that the Product "offered engine protection for his vehicle." Compl. ¶ 7. Plaintiff contends that the Product is "worthless," and that he was damaged in the entire amount of the unidentified

purchase price that he paid for it. Compl. ¶¶ 60-61. Plaintiff asserts claims for violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA") and Florida's Misleading Advertising Law, Fla. § Stat. 817.41, and for unjust enrichment. Compl. ¶¶ 77-130.

Plaintiff seeks to represent a "class" of "[a]ll persons in Florida who have a post-1930 automobile, and have purchased, an 'XCEL Premium Motor Oil' Product in Florida for use in their automobile." Compl. ¶ 64. The putative class is not limited to citizens of Florida, but includes all persons in Florida. *Id*. Plaintiff seeks to recover – individually and on behalf of the alleged class – actual damages, in the "amount of the purchase price" of all oil sold to the putative class (Compl. ¶ 60), equitable relief in the form of restitution and/or "restitutionary disgorgement," an injunction that would prohibit the future sale of the Product, "compensatory damages," interest, attorneys' fees, and costs, and "[s]uch other and further relief as the Court may deem necessary and appropriate." Compl. at Prayer for Relief.

The Complaint does not include a demand for any specific sum of monetary relief, but asserts that the amount in controversy "exceeds $750,000, exclusive of attorneys' fees and costs." Plaintiff's allegations and prayer for relief place in controversy an aggregate amount greater than $5 million, exclusive of interest and costs, as further demonstrated below.

**2. A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third party claim.**

This action was removable to this Court because federal jurisdiction exists over plaintiff's claims pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA") codified in various sections of Title 28 of the United States Code, including 28 U.S.C. §§ 1332(d) & 1453. CAFA provides that a class action against a non-governmental entity may be removed if: (a) the number of proposed class members is not less than 100; (b) there is

requisite "minimal" diversity of citizenship among the parties; and (c) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) & 1453(b).

The first requirement of CAFA jurisdiction is met here because the number of members of the class proposed by plaintiff is not less than 100. The Complaint alleges that "[p]laintiff reasonably estimates that there are thousands of members of the class." Compl. ¶ 67.[1] Additionally, the Notice of Removal provides additional background regarding the volume of sales of the Product in Florida. *See* Notice of Removal [Docket Entry 1], ¶¶ 19-22.

CAFA's requirement of minimal diversity is also satisfied because, although plaintiff is a citizen of Florida, the putative class includes citizens of states other than Florida, and Amalie AOC is a citizen of Florida. 28 U.S.C. § 1332(d)(2)(A). The proposed class includes all persons "in Florida" who purchased the Product, regardless of their residency. The Notice of Removal demonstrates that no exception to CAFA jurisdiction applies here because plaintiff has not alleged and cannot establish that any particular percentage of the members of the proposed class are Florida residents. *See* Notice of Removal, ¶ 24.

Regarding CAFA's third requirement that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," this requirement is satisfied. The Notice of Removal sets forth how, given Amalie's sales in Florida, Plaintiff's allegations put over $5,000,000 of controversy with respect to his claims for compensatory damages (*see* Notice of

---

[1] Plaintiff alleges that the statute of limitations has been tolled for all members of the putative class, some of whom may have purchased the Product more than four years prior to the filing of the Complaint (Compl. ¶ 132-33), and plaintiff does not place any temporal limits on the class definition. Compl. ¶ 64.

Removal, ¶¶ 29-32), and other monetary relief sought in the Complaint also satisfies the requisite amount in controversy (*see* Notice of Removal, ¶¶ 33-34).

There are two parties named in this action: Plaintiff Brandon Opalka and Defendant Amalie AOC, Ltd.  However, Amalie AOC, Ltd. does not blend or sell the motor oil at issue in this action and has been improperly named as the defendant.  Counsel for Amalie AOC, Ltd. has informed plaintiff's counsel that Amalie Oil Co. is the entity that blends and sells the motor oil at issue.  Upon information and belief, plaintiff intends to file an unopposed motion to substitute Amalie Oil Co. as the named defendant.

**3. A list of all pending motions.**

There are no motions currently pending.

**4. A brief statement by each Defendant explaining whether or not each has joined the notice of removal.**

Amalie AOC is the only defendant in this case.

**5. State whether the Defendant has removed the action within 30 days after the receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.**

Amalie AOC's Notice of Removal was timely because it was filed on July 27, 2018, within thirty days of the date of service of process on Amalie AOC on June 28, 2018.

**6. Counsel for the removing party must file copies of all state court records and proceedings.**

All state court records and proceedings were filed with Amalie AOC's Notice of Removal.  *See* Exhibit B to the Notice of Removal [Docket Entry 1-3].

-5-

Dated:  October 29, 2018					Respectfully submitted,

							/s/  Julianna Thomas McCabe
							Julianna Thomas McCabe (FBN 355010)
							jtmccabe@carltonfields.com
							Irma R. Solares (FBN 797073)
							isolares@carltonfields.com
							Michael N. Wolgin (FBN 0042962)
							mwolgin@carltonfields.com
							CARLTON FIELDS JORDEN BURT, P.A.
							Miami Tower, Suite 4200
							100 S.E. Second Street
							Miami, Florida 33131
							Telephone:  (305) 530-0050
							Facsimile:  (305) 530-0055

							*Attorneys for Defendant Amalie AOC, Ltd.*

-6-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October, 2018, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

Harley S. Tropin, Esq.
Tal J. Lifshitz, Esq.
Robert Neary, Esq.
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
hst@kttlaw.com
tjl@kttlaw.com
rn@kttlaw.com

*Counsel for Plaintiff*

Ryan Casey, Esq.
Casey Law Firm, LLC
20 NE Thompson Street
Portland, Oregon 97212
Telephone: (503) 928-7611
Facsimile: (503) 345-7470
ryan@rcaseylaw.com

*Counsel for Plaintiff*

Allan Kanner, Esq.
Cynthia St. Amant, Esq.
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
a.kanner@kanner-law.com
c.stamant@kanner-law.com

*Counsel for Plaintiff*

                                      /s/ Julianna Thomas McCabe

115629821